**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HEIDY SAMANTHA CORAL LOJA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-95-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Petitioner Heidy Samandtha Coral Loja's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. For the following reasons, the Court **ORDERS** that Respondents show cause why the application for a writ of habeas corpus should not be granted.

## I. BACKGROUND

Coral Loja is a Spanish and Ecuadorian dual citizen who entered the United States on July 4, 2018, under the Visa Waiver Program, when she was eleven years old. *Id.* ¶ 30. On June 18, 2019, Coral Lojas' mother filed an I-918 Petition and included her on the application as a derivative. *Id.* ¶ 31. The application was determined to be bona fide and Coral Loja and her mother were granted deferred action and employment authorization, which expire on April 30, 2028. *Id.* ¶ 32. Coral Loja has not received any notice of intent to revoke the bona fide determination. *Id.* ¶ 37. In addition to the I-918 Petition, Coral Loja filed an I-360 Special Immigrant Juvenile Petition on July 23, 2025, which remains pending. *Id.* ¶ 34.

On January 14, 2026, Coral Loja was detained by Immigration and Customs Enforcement ("ICE") on her way to class at Anoka Ramsey Community College in Coon Rapids, Minnesota.

*Id.* ¶ 35. According to Coral Loja, she "tried to explain to the ICE officer that she had deferred action and employment authorization, but the ICE officer told her that 'it did not matter; you aren't legal.'" *Id.* She was then transported to El Paso Camp East Montana ICE detention facility, where she remains detained. *Id.* ¶ 36.

On January 20, 2026, Coral Loja filed this Petition, challenging the legality of her detention on constitutional and statutory grounds, *id.* ¶¶ 42–74, and asking the Court to order Respondents to release her or convene a bond hearing, *id.* at 19. She also seeks an order prohibiting Respondents from removing her from the United States or transferring her outside the Western District of Texas or the District of Minnesota during the pendency of the action. *Id.* at 19.

## II. DISCUSSION

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Coral Loja the relief she seeks. Respondents are ordered to show cause by January 27, 2026.

## III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **no later than January 27, 2026**, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Coral Loja from the United States, or (2) transfer Coral Loja to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 20th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE